# UNITED STATES TO THE USE OF CHAPMAN v. CITY TRUST, SAFE DEPOSIT, AND SURETY CO.

---

GOVERNMENT CONTRACTORS' BONDS, ACTIONS UPON; MATERIALMEN.

Coal furnished for use in the operation of a dredging machine used by a contractor in the performance of work under a contract with the United States is not material furnished the contractor in the transaction of the work, within the meaning of the act of Congress of August 13, 1894 (28 Stat. at L. 278, chap. 280, U. S. Comp. Stat. 1901, p. 2523), and the surety on the contractor's bond is not liable to the parties furnishing the coal to the contractor. (Following *United States use of Standard Oil Co.* v. *City Trust, S. D. & Security Co.* 21 App. D. C. 369, holding the same with respect of oil so supplied.)

No. 1357.    Submitted December 4, 1903.    Decided January 19, 1904.

HEARING on an appeal by the use plaintiff from a judgment of the Supreme Court of the District of Columbia in an action on the bond of a contractor with the United States.  *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. F. S. K. Smith* and *Mr. Chas H. Merrilat* for the appellant.

*Mr. H. W. Sohon, Mr. F. G. Coldren,* and *Mr. F. A. Fenning* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

It is unnecessary to state the facts of this case as preliminary to the elucidation of the single question of law involved in it. That question is whether, under a contract with the United States entered into by a certain A. M. Clegg, as principal, with the appellee, the City Trust, Safe Deposit, and Surety Company of Philadelphia, a corporation under the laws of the State of Pennsylvania, as surety on his bond for his faithful performance, and which contract was for the dredging of a certain portion of the Potomac river, coal furnished for the operation of the dredging machine is within the provision of the act of Congress of August 13, 1894 (28 Stat. at L. 278, chap. 280, U. S. Comp. Stat. 1901, p. 2523), which by analogy to the mechanics' lien laws, makes the contractor's bond liable directly to parties in interest for labor or materials supplied to the contractor in the prosecution of the work. The court below decided the question adversely to the contention of the appellant, J. Edward Chapman, on the authority of the case of *United States use of Standard Oil Co.* v. *City Trust, S. D. & Security Co.* 21 App. D. C. 369, recently decided by this court, and we think the decision was right. Notwithstanding the elaborate argument of counsel for the appellant, we can see no distinction in principle between coal furnished for the operation of a dredging machine and oil supplied for the same precise purpose. Both are equally necessary for the operation of the machine, and equally outside of the operation of the statute. Neither one is used or consumed in the performance of the work in the sense of the law.

The whole subject has been fully discussed in the case cited, and it is unnecessary to repeat that discussion here.

The judgment appealed from must be affirmed, with costs; and it is so ordered.                    *Affirmed.*